UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

                Plaintiff,

  v.

WASHINGTON DEPARTMENT OF
CORRECTION CARE REVIEW
COMMITTEE, et al,

                Defendants.

Case No. C19-5557 BHS-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and proposed civil rights complaint. (Dkt. 1). In light of the deficiencies in the complaint discussed herein, the undersigned will not direct service of the complaint at this time. Plaintiff will be provided the opportunity by the date below to show cause why the complaint should not be dismissed or file an amended complaint.

The Court must screen and dismiss the complaint of a prisoner who seeks to proceed *in forma pauperis* "at any time if the[C]ourt determines" that the action: (a) "is frivolous"; (b) "fails to state a claim on which relief may be granted" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th. Cir. 1984).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

Before the Court may dismiss the complaint for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies in his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under the color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Plaintiff alleges that that in September of 2018 he was experiencing "immobilizing pain in the upper left portion of his back." (Dkt. 1 at 8.) Plaintiff indicates that as a result of this pain he filed a total of ten medical kites and six inmate grievances to receive medical attention. (Dkt. 1 at 8.) Plaintiff alleges that in November of 2018 the medical team at Clallam Bay Correction Medical took x-rays of plaintiff's back and prescribed him Salsalate. (Dkt. 1 at 8.) Plaintiff alleges that the lump causing the pain in his back was originally measured at 10 centimeters by

10 centimeters and had grown to 12 centimeters by 12 centimeters by November of 2018. (Dkt. 1 at 9.)

Plaintiff indicates that he was issued an extra pillow in November of 2018 to alleviate the pressure and pain associated with the lump in his back. (Dkt. 1 at 9.) Plaintiff alleges that in December of 2018 he was threatened that if he did not stop making medical complaints he would "lose his DOSA Sentencing." (Dkt. 1 at 9.)

Plaintiff alleges that in February of 2019 "Health Service Manager (HSM) Goodenough" evaluated plaintiff and observed that plaintiff "could hardly move his left arm." (Dkt. 1 at 18.) Plaintiff further alleges that Goodenough refused to look at the lump on plaintiff's back and referred the grievance to the Department of Corrections Head Quarters. (Dkt. 1 at 18.) Plaintiff states that following this evaluation, the "medical decision was to continue monitoring the lump and consider a biopsy." (Dkt. 1 at 18.) Plaintiff states that he was not offered a surgical option and was instead "told to pursue medical care under DOC policy 600.020 Offender Paid Health Care." (Dkt. 1 at 11.)

Plaintiff alleges that after being denied a surgical option he was informed by the medical staff at the Department of Corrections Care Review Committee that "their hands are tied by all sorts of new rules and policies." (Dkt. 1 at 11.) Next, plaintiff states that on June 5, 2019 prison security officers removed his extra pillow because his health status report (HSR) granting him the extra pillow had purportedly expired. (Dkt. 1 at 12.) Plaintiff alleges that the officers informed him that he would need to file a medical kite declaring an emergency to receive another pillow. (Dkt. 1 at 12.) Plaintiff alleges that his emergency medical kite was denied because he needed to wait for the approval of another HSR, which plaintiff indicates could take up to two weeks. (Dkt. 1 at 12.)

## I. Improper Defendant

Plaintiff has identified the Washington Department of Corrections Care Review Committee as a defendant in this action. (Dkt. 1 at 1.)

The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state government in federal court without the state's consent. *See, Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Natural Resources Defense Council v. California Department of Transportation*, 96 F.3d 420, 421 (9th Cir, 1996). The Eleventh Amendment immunity extends to state agencies. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Further, the Department of Corrections is not a proper defendant in this action as neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

For these reasons, the Washington Department of Corrections is both an improper defendant in a Section 1983 action and immune under the Eleventh Amendment. To state a cause of action under Section 1983 plaintiff must name specific individuals (acting under color of state law) as defendants and must allege specific facts to show which individual acted or failed to act, and facts that would show that the act(s) or omission(s) caused the harm to the plaintiff that is allegedly a violation of a specific constitutional right.

## II. Doe Defendants

Plaintiff's complaint identifies the defendants as: "John and Jane Doe" the representatives for "the head Care Review Committee at the Department of Corrections in Olympic Washington;" "John and Jane Doe" the representatives for "the medical unit at Olympic Correctional Center in Forks Washington;" and "John and Jane Doe […] the medical supervisor and provider at Coyote Ridge Correction in Connell Washington." (Dkt. 1 at 4.)

The use of "John Doe" or "Jane Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names.

In the caption of the complaint plaintiff identifies "Mary J. Currey" as a defendant (Dkt. 1 at 1) but does not mention this individual in the body of the complaint and does not explain the basis for her liability under Section 1983. Similarly, the complaint seeks preliminary and permanent injunctions against "Kenneth Jennings" and "Dale Fetroe" without identifying the basis for the injunctive relief in the body of the complaint. (Dkt. 1 at 13.) Finally, plaintiff states that an individual identified as "Health Services Manager (HSM) Goodenough" evaluated his condition, but does not clarify whether plaintiff is alleging that this individual is a defendant in this action. (Dkt. 1 at 18.) To the extent that any of these individuals are the "John and Jane Doe" plaintiff identifies as defendants, plaintiff should include their names as designated defendants. To the extent that these individuals are not the "John and Jane Doe[s]" identified as defendants, plaintiff must provide the names of the defendants in this action in order for the Court to serve (and put on notice) the proper defendants.

### III. Official Capacity Claims

Plaintiff alleges that he is suing each defendant in their individual and official capacity (Dkt. 1 at 5.) In his prayer for relief, plaintiff seeks a preliminary and permanent injunction against Kenneth Jennings and Dale Fetroe in their official capacities. (Dkt. 1 at 13.) Plaintiff also seeks compensatory and punitive damages against each defendant. (Dkt. 1 at 13-14.)

However, it is unclear from the complaint whether plaintiff is seeking damages against the defendants in their individual or official capacities.

When a plaintiff sues a state official in their official capacity, the action should be treated as a suit against the State and not the named official. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). Because the action is treated as a suit against the State, the state officer sued for damages in their official capacity, like the State, is not a "person" within the meaning of Section 1983. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015). Accordingly, a plaintiff cannot seek damages in a Section 1983 action against a state official in their official capacity, but can seek injunctive relief. *Paeste*, 798 F.3d at 1236. To state a claim for injunctive relief against a state official in their official capacity, the plaintiff must allege that the relevant government entity's policy or customs played a part in the violation of federal law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The plaintiff is not required to allege that the named official was personally involved in the acts or omissions constituting the alleged constitutional violation. *Hartmann*, 707 F.3d at 1127. To state a claim the plaintiff only needs to "identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann*, 707 F.3d at 1127.

To the extent that plaintiff seeks damages against defendants in their official capacities, plaintiff has failed to state a claim because the state officials in their official capacities are not "people" for the purposes of Section 1983 and are thus improper defendants.

To the extent that plaintiff only seeks injunctive or declaratory relief against the state officials in their official capacities, plaintiff must amend the complaint to state a claim. Plaintiff identifies a number of policies in his complaint. (Dkt. 1 at 11-12.) However, it is unclear which policy purportedly violated plaintiff's constitutional rights or how any of the listed policies

violated his constitutional rights. To state a claim against the defendants in their official capacities, plaintiff must identify the policies that he alleges violated his constitutional rights and identify the state official(s) who are in a position to appropriately respond to injunctive relief.

### IV.     State Constitution Claims

Plaintiff alleges that, in addition to his rights under the United States Constitution, the defendants violated his rights under the Washington State Constitution. (Dkt. 1 at 8, 16, 17.) In order to state a cause of action under Section 1983 a plaintiff must allege a violation of "a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. 1983. Therefore, a violation of a state constitution cannot be the basis of a Section 1983 actions. Accordingly, plaintiff cannot state a claim under 42 U.S.C. § 1983 for the purported violations of the Washington State Constitution.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before August 12, 2019**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 7

actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 12th day of July, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge