UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOMMIE SLACK,

                Plaintiff,

    v.

WASHINGTON DEPARTMENT OF CORRECTION CARE REVIEW COMMITTEE, et al.,

                Defendants.

Case No. C19-5557 BHS-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 11. The Court has considered the record and finds that plaintiff's motion for counsel should be denied at this time without prejudice. Plaintiff will be allowed to renew this motion if, at a later time in the proceedings, exceptional circumstances would require appointment of counsel.

DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

involved," to make an assessment whether exceptional circumstances show that counsel should be appointed. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quotations omitted). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand,* 113 F.3d at 1525.

Plaintiff has not shown that his claims are particularly complex or that he is unable to articulate the factual basis of his claims *pro se*. The record demonstrates that plaintiff has adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of the claims.

Plaintiff has indicated that he is unable to afford counsel. Dkt. 11 at 1. Plaintiff further informs the Court that he has made repeated unsuccessful attempts to obtain private counsel. *Id*. However, the inability to obtain counsel due to cost or lack of availability, is not an exceptional circumstance necessarily requiring the appointment of counsel at government expense. *See, Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1998).

While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Plaintiff contends that he has limited legal knowledge and has limited access to the law library. Dkt. 11 at 1. However, these limitations alone, are insufficient to require appointment of counsel. *See, Wood*, 900 F.2d at 1335 (noting that contended exceptional factors were "difficulties which any litigant would have in proceeding pro se").

## CONCLUSION

For the reasons stated herein, plaintiff's motion for appointment of counsel (Dkt. 11), is **DENIED without prejudice**.

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2

1 | The Clerk shall send a copy of this Order to plaintiff.

2 | Dated this 4th day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 3