# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

TOMMIE SLACK,

                Plaintiff,

    v.

WASHINGTON DEPARTMENT OF CORRECTION CARE REVIEW COMMITTEE, et al.,

                Defendants.

Case No. C19-5557 BHS-TLF

ORDER DIRECTING PLAINTIFF TO IDENTIFY THE OPERATIVE COMPLAINT

Plaintiff commenced this action by filing of a civil right complaint under 42 U.S.C. § 1983. Dkt. 1. On July 12, 2019, the Court ordered plaintiff to show cause why his complaint should not be dismissed or file an amended complaint curing the deficiencies in his proposed complaint. Dkt. 5. The plaintiff subsequently filed a proposed amended complaint to attempt to cure the deficiencies in his original complaint. Dkt. 6. Plaintiff also filed a proposed summons to which he attached another complaint purporting to be a continuation of the previous amended complaint (Dkt. 6). Dkt. 7. On August 30, 2019 plaintiff filed another amended complaint incorporating the allegations and defendants from the first proposed amended complaint (Dkt. 6) but not including the allegations made in the proposed summons (Dkt. 7). Dkt. 9.

On October 4, 2019 the Court directed the operative complaint (Dkt. 9) to be served on the named defendants. Dkt. 13. On November 12, 2019 plaintiff filed a "notice" informing the Court that the amended complaint attached to the summons (Dkt. 7) was not served on the

ORDER DIRECTING PLAINTIFF TO IDENTIFY THE
OPERATIVE COMPLAINT - 1

defendants named in that attachment. Dkt. 30. Plaintiff further asks the Court to serve both the amended complaint attached to the proposed summons (Dkt. 7) and the amended complaint filed on August 30, 2019 (Dkt. 9).

There can only be one operative complaint in a matter and the Court will not allow combinations of various documents and attachments to make one operative complaint. Further, when an amended complaint is filed, it operates as a complete substitution for the previously filed complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, all causes of actions that are alleged in a pleading and not alleged in the subsequent amended pleading are deemed waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). It is unclear from the plaintiff's pleadings which complaint he intends to be the operative complaint.

Accordingly, it is hereby ORDERED that:

(1) Plaintiff file a notice to the Court on or before **December 13, 2019**, identifying which complaint filed in this action he wishes to pursue as the operative complaint.

(2) Alternatively, on or before **December 13, 2019**, plaintiff may file an amended complaint including all facts, claims and defendants that he is seeking to include in his amended complaint. Any amended complaint must include all facts, claims and defendants, and cannot simply incorporate by reference parts of the previous pleadings. Any amended complaint must comply with LCR 15.

(3) Any future amended complaints, after the amended complaint authorized in this order, must comply with the procedures set out in Federal Rule of Civil Procedure 15(a)(2).

**(4) Failure to respond to this order may result in dismissal of the complaint for failure to prosecute and failure to comply with a court order.**

(5) The Clerk is directed to send a copy of this order to plaintiff and defendants.

Dated this 15th day of November, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER DIRECTING PLAINTIFF TO IDENTIFY THE OPERATIVE COMPLAINT - 3